# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DARLENE G., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. CV 17-03966-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Darlene G. appeals from the Social Security Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed applications for DIB and SSI on September 16, 2013, alleging disability beginning April 11, 2011. See Dkt. 21, Administrative

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Record ("AR") 154-67. After being denied on February 11, 2014, Plaintiff timely requested and received a hearing before an Administrative Law Judge ("ALJ") on October 26, 2015. See AR 101-05, 108-44. At the hearing, the ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"). See AR 37-74.

On December 8, 2015, the ALJ issued an unfavorable decision finding Plaintiff not disabled. See AR 15-36. The ALJ determined that Plaintiff had the severe impairments of fibromyalgia, coronary artery disease, degenerative disc disease of the cervical spine and the lumbar spine with radiation to the upper and lower extremities, and obesity. See AR 21. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following limitations: could lift 10 pounds frequently; could stand/walk for 2 hours and sit for 6 hours in an 8-hour workday; could perform postural activates occasionally; could occasionally push and pull with upper and lower extremities; could use her hands frequently; cannot use ladders, ropes, or scaffolds; cannot perform work involving heights or hazards; and can perform simple-to-moderately-complex work. See AR 24.

Based on Plaintiff's RFC and the VE's testimony, the ALJ determined that Plaintiff could perform her past relevant work as a customer service representative/order clerk both as actually and generally performed. See AR 30-31. Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 31-32.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-4. This action followed. See Dkt. 1.

## II. DISCUSSION

Plaintiff argues that the ALJ erred in finding that she could perform her past relevant work as a customer service representative/order clerk. See Dkt. 23, Joint Statement ("JS") at 4.

### A. Legal Standard

At step four, the claimant has the burden to show that she can no longer perform her past relevant work either actually performed or generally performed in the national economy. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008). When determining how a job is generally performed, the ALJ can rely on the descriptions given by the Dictionary of Occupational Titles ("DOT") or the testimony of a VE. See Soc. Sec. Ruling ("SSR") 82-62, 1982 WL 31386, at *3; see also Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The DOT raises a presumption as to job classification requirements. See Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001) (recognizing that "the best source for how a job is generally performed is usually the [DOT]"). Alternatively, the SSRs state that a properly completed vocational report or the claimant's own testimony may be used to define a claimant's past relevant work as actually performed. See id. at 845 (citing SSR 82-41 and 82-61).

### B. Application

At the hearing, Plaintiff agreed with the ALJ that in her prior job as a customer service representative/order clerk, she did not go "out in the field" but rather "just sat there and processed orders or took orders." AR 59. Plaintiff contends, therefore, that there is an actual conflict between her RFC limiting

her to sitting 6 hours out of an 8-hour workday and the customer service representative/order clerk position as she actually performed it.² See JS at 5.

Plaintiff also argues that she cannot perform her past relevant work as generally performed. Plaintiff notes that the DOT indicates that customer service representatives/order clerks perform the following duties:

> Processes orders for material or merchandise received by mail, telephone, or personally from customer or company employee, manually or using computer or calculating machine: Edits orders received for price and nomenclature. Informs customer of unit prices, shipping date, anticipated delays, and any additional information needed by customer, using mail or telephone. Writes or types order form, or enters data into computer, to determine total cost for customer. Records or files copy of orders received according to expected delivery date.

JS at 5-6 (citing DOT 249.362-026, 1991 WL 672320). Plaintiff contends that because the DOT describes duties that customer service representatives/order clerks perform sitting, it thus presumptively describes that work as generally performed. Plaintiff also suggests that "[c]ommon experience directs the conclusion that customer service representatives/order clerks perform their computer/telephone dependent jobs sitting." JS at 6. Finally, Plaintiff notes that the Commissioner's regulations describe sedentary work as requiring more than 6 hours sitting, which conflicts with her RFC. See JS at 6-7 (citing SSR 83-10).

The Court finds that Plaintiff—at the very least—can perform the customer service representative/order clerk position as generally performed. At least some of the tasks generally performed in this role are not necessarily

---

² Plaintiff's Work History Report left blank questions regarding how many hours a day she spent standing/walking/sitting. See AR 200.

performed sitting, such as the need to "[r]ecord[] or file[] cop[ies] of orders received according to expected delivery date." DOT 249.362-026, 1991 WL 672320. Additionally, the DOT describes the job in question as requiring "sitting most of the time, but may involve walking or standing for brief periods of time." Id. And SSR 83-10—on which Plaintiff relies—describes "sedentary" positions as requiring "periods of standing or walking [that] should generally total no more than about 2 hours of an 8-hour workday, and sitting [that] should generally total approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251 (emphasis added). Contrary to Plaintiff's position, the Ruling does not state (or somehow imply) that sitting for more than 6 hours is required.

Because the Court finds that Plaintiff has not demonstrated an actual or apparent conflict between the DOT description and her RFC, the ALJ did not err when relying on the VE's testimony to find that Plaintiff was able to perform the position of customer service representative/order clerk.

### III.    CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is affirmed and this action is dismissed with prejudice.

Date: March 1, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge